# UNITED STATES DISTRICT COURT
for the
Eastern District of Tennessee

FILED
OCT 20 2020
Clerk, U. S. District Court
Eastern District of Tennessee
At Knoxville

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )   Case No.   3:20-MJ-1152
TRAIL CAMERAS RECOVERED FROM DEPARTMENT OF ENERGY PROPERTY, )
CURRENLTY LOCATED AT THE DEPARTMENT OF ENERGY, OFFICE OF THE INSPECTOR )
GENERAL EVIDENCE ROOM, OAK RIDGE, TENNESSEE. PHOTOGRAPHS AND PROPERTY )
DESCRIPTIONS ARE ATTACHED HERETO AS ATTACHMENT A AND FULLY )
INCORPORATED HEREIN. )

## SEARCH AND SEIZURE WARRANT

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the ____Eastern____ District of ____Tennessee____
*(identify the person or describe the property to be searched and give its location)*:

TRAIL CAMERAS RECOVERED FROM DEPARTMENT OF ENERGY PROPERTY, CURRENLTY LOCATED AT THE DEPARTMENT OF ENERGY, OFFICE OF THE INSPECTOR GENERAL EVIDENCE ROOM, OAK RIDGE, TENNESSEE. PHOTOGRAPHS AND PROPERTY DESCRIPTIONS ARE ATTACHED HERETO AS ATTACHMENT A AND FULLY INCORPORATED HEREIN.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

PLEASE SEE ATTACHMENT B, WHICH IS ATTACHED HERETO AND FULLY INCORPORATED HEREIN.

**YOU ARE COMMANDED** to execute this warrant on or before ____October 19, 2020____ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☒ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to ____Debra C. Poplin____.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:   10/6/2020  10:15am   _____(signature)_____
                                              Judge's signature

City and state:   Knoxville, Tennessee      Debra C. Poplin, United States Magistrate Judge
                                            *Printed name and title*

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.: 3:20-MJ-1152 | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: See attached Page 2 | | |

### Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

| Return | | |
|---|---|---|
| Case No.: <br> 3:20-MJ-1152 | Date and time warrant executed: <br> 10/14/2020 1:00 pm | Copy of warrant and inventory left with: <br> Original Items |
| Inventory made in the presence of : <br> SA Brad Gilbride, SA Wade Finley | | |
| Inventory of the property taken and name of any person(s) seized: <br><br> Forensic image extracted from a SanDisk 8GB SD Card from Cuddeback Trail Camera SN:1231A6000711 and a SanDisk 16GB SD Card from SpyPoint Link-S SN:1F82602728.  A copy of the image was copied to a Patriot Memory 32GB Thumb Drive, SN: 190715 and entered into the Oak Ridge DOE-OIG evidence room. | | |

FILED

OCT 2 0 2020

Clerk, U. S. District Court
Eastern District of Tennessee
At Knoxville

### Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 10/19/2020

*Executing officer's signature*

Special Agent Wade Finley
*Printed name and title*

## ATTACHMENT A
**Property to Be Searched**

The property to be searched are two digital game cameras (hereinafter "Devices"). The Devices include a SpyPoint LINK-S trail camera, Serial Number 1F82602728, and a Cuddeback Digital trail camera, Serial Number 1231A6000711 and storage media that were installed within the devices. The Devices are currently secured in evidence at the Department of Energy Office of Inspector General Oak Ridge Field Office, located at 2714 Laboratory Road, Oak Ridge, TN 37830.

1



[PHOTO DEPICTING SPYPOINT LINK-S TRAIL CAMERA. SERIAL NUMBER 1F82602728]



[PHOTO DEPICTING CUDDEBACK DIGITAL TRAIL CAMERA, SERIAL NUMBER 1231A6000711]

This warrant authorizes the forensic examination of the Devices for the purpose of identifying the electronically stored information described in Attachment B.

3

## ATTACHMENT B
## Particular Things to be Seized

All records, information, and items on the Devices described in Attachment A, that are evidence, instrumentalities, or fruits of violations of 18 U.S.C. § 1361, including:

1. Any records, information, documents, programs, communications, visual depictions (including, but not limited to, photos, videos, log files) concerning or depicting the destruction of property of the United States;

2. Evidence of who used, owned, or controlled the Devices at the time the things described in herein were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, user profiles, evidence of communications, photographs, and videos;

3. Evidence of software that would allow others to control the Devices, such as remote access or cellular connectivity;

4. Evidence indicating how and when Devices was accessed or used to determine the chronological context of access, use, and events relating to the crime under investigation and to the Devices' owner/user;

5. Evidence of the attachment to the Devices of other storage devices or similar containers for electronic evidence;

6. Evidence of the times and dates the Devices were used;

7. Records of or information about Internet Protocol (IP) addresses or cellular connectivity used by the Devices; and

8. Contextual information necessary to understand the evidence described in this attachment.

1

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage data (such as flash memory or other media that can store data) and any photographic form.

2